UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:  
**JEREMIAH J. GRIFFIN**,   :
   Plaintiff,   :
  :  **MEMORANDUM AND ORDER**
   – against –   :  20-CV-2387 (AMD) (LB)
  :  
**KINGS COUNTY DISTRICT ATTORNEY'S OFFICE**, *et al.*,   :
  :  
   Defendants.   :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On May 26, 2020, the *pro se* plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the Kings County District Attorney's Office, Kings County Criminal Court, New York City Police Department, New York City Department of Correction, police officer Natasha Simmons, Judges Rao, Nobles and Darkeh of the Kings County Criminal Court, and multiple New York City Department of Correction personnel and superiors.[1] (ECF No. 1.) The plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted. His motion to appoint counsel (ECF No. 5) is denied without prejudice. For the reasons that follow, I dismiss the complaint, but give the plaintiff leave to file an amended complaint.

## BACKGROUND

The plaintiff claims that he was exposed to "unsafe" conditions while he was detained at the Anna M. Kross Center during the COVID-19 pandemic. (ECF No. 1 at 4, 10.) He claims that there was biological waste on the floors, cells were overcrowded and social distancing was

---

[1] The plaintiff filed this action while he was incarcerated at the George R. Vierno Center. He has since been released. (ECF No. 6.)

not enforced. (*Id.*) He was placed in a holding cell with an inmate who tested positive for the COVID-19 virus. (*Id.* at 10.) According to the plaintiff, when he asked Captain Alexander to move him to another cell, Captain Alexander replied, "No I hope you die and contract COVID-19 from [the inmate]." (*Id.*) He also claims that he was denied dinner. (*Id.*)

He also alleges that two inmates assaulted him, breaking his nose and inflicting a "severe bite injury" to his shoulder. (*Id.*) According to the plaintiff, "[Anna M. Kross Center] did not ensure that [he] got to [the] hospital," "Manhattan Detention Complex obstructed" a transport referral, and he was "denied essential medications." (*Id.*)

The plaintiff also claims that the NYPD, Kings County District Attorney's Office and Kings County Criminal Court maliciously and selectively prosecuted him. (*Id.* at 4, 12.) He alleges that there were no legitimate grounds to pursue his arrest, and that Judge Robles improperly denied his request to modify his bail conditions.[2] (*Id.* at 5, 12.) He seeks seventy million dollars in damages. (*Id.* at 5.)[3]

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing

---

[2] The complaint names Judge Nobles as a defendant, but the plaintiff's allegations concern Judge Robles. It appears that the plaintiff intended to name Judge Robles rather than Judge Nobles as a defendant.
[3] The plaintiff previously filed an action styled as a habeas petition in this Court, in which he asserted claims for false arrest and malicious prosecution. *Griffin v. Superintendent, et al.*, No. 20-CV-1478 (filed March 5, 2020). I dismissed the complaint with leave to refile on June 16, 2020, and the case was closed on July 24, 2020.

*Twombly*, 550 U.S. at 555). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The plaintiff is proceeding *pro se*, so I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quotation marks and alterations omitted).

## DISCUSSION

### I.  Claims Against the District Attorney's Office

"The Kings County District Attorney's Office is not a suable entity." *Boley v. DeVito*, No. 12-CV-4090, 2012 WL 3764493, at *2 (E.D.N.Y. Aug. 27, 2012); *see also Barreto v. Cty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (summary order) (a county district attorney's office is "not an entity capable of being sued"). Accordingly, the plaintiff's claims against the District Attorney's Office are dismissed.

To the extent the plaintiff seeks to name the Kings County District Attorney or the Assistant District Attorneys who prosecuted his criminal actions, these attorneys are entitled to

3

absolute immunity for their acts in initiating a prosecution and presenting the case against the plaintiff. *See Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

### II. Claims Against Kings County Criminal Court

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated [their] . . . immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citations, quotation marks and alterations omitted). "New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983." *Brickhouse v. DuBois*, No. 20-CV-4759, 2020 WL 4676476, at *3 (S.D.N.Y. Aug. 11, 2020) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977)). Because the Kings County Criminal Court is part of the New York State Unified Court System, *see* N.Y. Const. art. VI, § 1(a), the Eleventh Amendment bars the plaintiff's claims against the state court from proceeding in this court, and these claims are dismissed. *Gollomp*, 568 F.3d at 368 ("[T]he New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity.") (citations and quotation marks omitted).

### III. Claims Against the New York City Police Department and New York City Department of Correction

The Police Department and Department of Correction are not suable entities. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Gregory v. City of New York*, No. 18-CV-320, 2018 WL 3079695, at *2 (E.D.N.Y. June 21, 2018) ("The DOC is an agency of the City of New York that lacks an independent legal

4

existence and is not a suable entity."). Accordingly, the plaintiff's claims against these departments are dismissed.

### IV. Claims Against Judges

Judges have absolute immunity for acts performed in their judicial capacities. *See Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) (summary order) ("Judges acting in their judicial capacity are absolutely immune from suit, event where the plaintiff asserts constitutional violations under § 1983.") (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)). Immunity "can be overcome only if (1) the act is not taken in the judge's judicial capacity, or (2) the act, 'though judicial in nature, [is] taken in the complete absence of all jurisdiction.'" *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

The plaintiff alleges that Judge Robles refused to modify his bail conditions. (ECF No. 1 at 12.) However, setting bail is a judicial function to which immunity applies. *See Root v. Liston*, 444 F.3d 127, 132 (2d Cir. 2006) ("[I]t is judges who set bail, and judges enjoy absolute immunity when they do so.") (citations omitted). The plaintiff does not allege any facts about the other named judges, who are also immune from suit. His allegations are insufficient to state a claim, and the claims against all three judges are dismissed.

### V. Claims Against Officer Simmons and Unnamed DOC Personnel

To succeed in an action for damages pursuant to Section 1983, the plaintiff must show that each named defendant was personally involved in the alleged violation of his constitutional rights. *See Raspardo v. Carlone*, 770 F.3d 97, 115-16 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant . . . § 1983 requires individual, personalized liability on the part of each government defendant."). The plaintiff cannot recover against a defendant under Section

5

1983 solely on a theory of vicarious liability or *respondeat superior*. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*.").

In order to establish a defendant's personal involvement in an alleged constitutional deprivation in an action pursuant to § 1983, the plaintiff must show that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (emphasis omitted) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

The plaintiff names Officer Simmons as a defendant, but does not explain how she was personally involved in any constitutional violation or wrongdoing. Because the complaint does not say what Officer Simmons did to the plaintiff, the claim against her is dismissed. *See Cipriani v. Buffardi*, No. 06-CV-889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff."); *Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) ("Since . . . [the] defendant is nowhere mentioned or referenced in the body of the amended complaint, [the] plaintiff has not adequately

pled his personal involvement in any of the constitutional deprivations alleged in the amended complaint. Accordingly, [the] plaintiff's Section 1983 claims are dismissed.").

The complaint does not include many details about the actions or omissions of DOC personnel. It does state, however, that Captain Alexander—who is not individually named as a defendant—denied the plaintiff's request to be removed from a cell, and said, "I hope you die and contract COVID-19." (ECF No. 1 at 10.) It is not clear whether the defendant intends to name Captain Alexander as a defendant. If he wants to assert claims against Captain Alexander, and/or additional DOC or NYPD personnel, he may do so in an amended complaint. If the plaintiff does not know the names of the defendants, he may refer to them as Jane or John Doe and provide as much identifying information as is available to him.

**VI.     Motion to Appoint Counsel**

There is no right to counsel in a civil case. *Leftridge v. Conn. State Trooper Officer #1283*, 640 F.3d 62, 68-69 (2d Cir. 2011) (citations omitted); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The court cannot compel an attorney to take a civil case without a fee, *see Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989), and can do no more than exercise its discretion to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). In deciding whether to make such a request, the court "should first determine whether the indigent's position seems likely to be of substance" and, if so, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The

plaintiff has not alleged sufficient facts to state a claim, and I conclude, based on the information currently before me, that his position is not likely to be of substance. Even if I concluded otherwise, I would find that the remaining factors do not warrant making a request for volunteer counsel on the plaintiff's behalf at this time.

## CONCLUSION

For the reasons stated above, I dismiss the plaintiff's complaint. However, I give the plaintiff leave to amend his complaint within 30 days of this order. For each defendant named, the plaintiff should describe what the defendant did or failed to do, and how those acts or omissions caused the plaintiff injury. The new complaint must be captioned "Amended Complaint" and bear the same docket number as this order (20-CV-2387 (AMD) (LB)). The plaintiff is advised that any amended complaint will completely replace the original complaint, so he should not rely on any allegations in the original complaint.

No summons will issue at this time and all further proceedings will be stayed for 30 days. If the plaintiff does not file an amended complaint within 30 days, judgment dismissing this action will enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                            s/Ann M. Donnelly
                                                                            ANN M. DONNELLY
                                                                            United States District Judge

Dated: Brooklyn, New York
       August 31, 2020